**In the United States District Court
for the District of Kansas**

————————

Case No. 25-cv-01141-TC-GEB

————————

PHYLLIS M. KNIGHT,

*Plaintiff*

v.

NORTHSTAR PROPERTY MANAGEMENT, LLC, ET AL.,

*Defendants*

————————

**ORDER**

Plaintiff Phyllis Knight, proceeding pro se, sued Northstar Property Management, LLC, and Wichita police officer Koby Mackey alleging that they violated her civil rights. Doc. 1. Because Knight filed a motion to proceed *in forma pauperis*, Doc. 3, Judge Birzer screened her Complaint for merit under 28 U.S.C. § 1915(a). Judge Birzer filed a Report and Recommendation advising that Knight's Complaint should be dismissed for failure to state a claim upon which relief can be granted. Doc. 6. Knight filed a timely objection. Doc. 7.

When a magistrate judge has issued a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must then

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). This means that objections to a magistrate judge's recommended disposition must be

1

"both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Where a party fails to make a proper objection, a district court may review the recommendation under any standard it deems appropriate, even for clear error. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019).

Judge Birzer concluded that Knight's Complaint should be dismissed. Doc. 6. In particular, Judge Birzer concluded that Knight's Complaint failed to state a claim under Section 1983 because it made "no allegation that any type of governmental actor was involved at any stage in her claim." *Id.* at 8. Additionally, Knight's Complaint contained no facts that plausibly supported her claims. *Id.* at 9.

Knight objects to that conclusion. Doc. 7. She argues that she has stated a claim because officer Mackey was "ordered" to write a police report for aggravated burglary but instead did so for "destruction of property." *Id.* at 7.

Knight's objection is overruled because Judge Birzer correctly concluded that Knight failed to state a claim. To state a claim under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement . . . showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could

2

prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 332 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Invoking 42 U.S.C. § 1983, Knight alleges that the defendants violated her Fourth and Fourteenth Amendment rights, her rights under 42 U.S.C. § 1981, and her rights under K.S.A. § 58-2571(b). Doc. 1. Section 1983 provides that "[e]very person who, under color of [state law,] subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. It creates no substantive rights but merely provides a mechanism for enforcing a right conferred by the Constitution or a federal statute. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002); *see also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 174–75 (2023). Thus, to state a viable Section 1983 claim, a plaintiff must establish that a person, acting under color of state law, caused him or her to be deprived of a right secured by the Constitution or laws of the United States. *See Torres v. Madrid*, 592 U.S. 306, 310 (2021); *accord Medina v. Planned Parenthood of S. Atl.*, 606 U.S. 357, 365 (2025).

There are two general iterations of a Section 1983 claim. One is suing the individual officer directly. That claim is akin to suggesting that the individual officer personally participated in conduct that is alleged to have deprived the plaintiff of an enforceable right, *Cuervo v. Sorenson,* 112 F.45h 1307, 1314 (10th Cir. 2024), failed to intervene while another engaged in unconstitutional conduct, *Bledsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022), or failed to supervise others who violated the plaintiff's rights, *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). The other is by suing either the entity responsible, whether by naming that entity directly or suing the agent of the entity in his or her official capacity. *See generally Kentucky v. Graham*, 473 U.S.

159, 165 (1985) (applying *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *accord Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015). To assert an official-capacity claim, the plaintiff must allege both that his or her harm was caused by a constitutional violation committed by the entity's agent, *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006), and that the entity's custom, policy, or practice caused the unconstitutional conduct, *Monell*, 436 U.S. at 694–95. *See generally Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1048–49 (10th Cir. 2024).

Knight alleges that in the morning of May 20, 2025, an employee of defendant Northstar named Brad broke into her apartment. Doc. 1 at 3. She alleges that Northstar refused to repair damages caused on May 20. *Id.* And she alleges that two days later on May 22 defendant Mackey abetted an aggravated burglary. *Id.*

These allegations, taken as true, fail to state a claim under Section 1983. *Contra* Doc. 7. Knight alleges no facts that would permit a determination that defendant Northstar—a private company—acted under color of law. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (affirming dismissal of Section 1983 claim where the plaintiff did not allege that the defendants were state actors). To the extent that Knight refers to defendant Mackey, who may have been acting under color of state law given his position as a Wichita police officer, the claim fails because it proceeds with allegations that are too conclusory to be credited. Knight merely alleges that Mackey "violated § 1981 under § 1983 contract-related violation caused by abetting white male in [aggravated] burglary offense." Doc. 1 at 3; *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Although Knight's pro se pleadings are construed liberally, she must follow the same rules applicable to all litigants. *Shrader v. Biddinger*, 633 F.3d 1235, 1249 n.9 (10th Cir. 2011). Moreover, Knight offers no facts explaining how any of the defendants violated her federally protected rights. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021). Her Complaint falls short of pleading the requisite facts for a Section 1983 claim.

Accordingly, Judge Birzer's Report and Recommendation, Doc. 6, is adopted in full, and Knight's Complaint is DISMISSED. Knight's motion to proceed *in forma pauperis*, Doc. 3, is DENIED AS MOOT. Defendant Mackey's Motion to Dismiss, Doc. 4, is DENIED AS MOOT.

It is so ordered.


Date: April 8, 2026          s/ Toby Crouse
                             Toby Crouse
                             United States District Judge